UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SALVADOR SALGADOBARAJAS, <br><br> Defendant. | Case No. 13-cv-05557-BLF <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT** <br><br> [Re: ECF 23] |

In this telecast-interception action, a default judgment has been entered against Defendant. Plaintiff now moves to alter or amend the judgment. For the reasons stated below, the motion is DENIED.

### I. BACKGROUND

Plaintiff J & J Sports Productions, having the domestic commercial exhibition rights to broadcast the "Manny Pacquiao and Juan Manuel Márquez, IV Welterweight Fight Program" ("Program"), brought the instant action against Defendant, owner of a commercial establishment, Mexicalis, for intercepting the Program unlawfully and intentionally exhibiting it for the purpose of direct or indirect commercial advantage. The underlying facts of this action are detailed in the July 3, 2014 order granting default judgment. Order Granting Default J., ECF 21. Defendant did not respond to the complaint and final judgment was entered against him in the amount of $4,877.50. This judgment was composed of a $1,000 award in statutory damages, a $2,200 award in damages for conversion, and $1,677.50 award for attorney's fees and costs. Plaintiff now moves to alter or amend the judgment amount. Pl.'s Mot. to Alter, ECF 23.

### II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a motion to alter or amend judgment "should

1  not be granted, absent highly unusual circumstances, unless the district court is presented with
2  newly discovered evidence, committed clear error, or if there is an intervening change in the
3  controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).  The rule
4  "may not be used to relitigate old matters, or raise arguments or present evidence that could have
5  been raised prior to entry of final judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5
6  (2008).

**III.    DISCUSSION**

Plaintiff identifies no new evidence, change in controlling law, or clear error of law by the Court in support of its motion.  Plaintiff argues that the $1,000 statutory damages award is insufficient to deter pirating of telecommunications and states that other districts have awarded substantial awards in comparable cases.  Pl.'s Mot. to Alter 5.  Plaintiff previously presented similar arguments before this Court.  Pl.'s Mot. for Default J. 10, ECF 13.  The Court rejected those arguments then, Order at 7, and nothing in Plaintiff's motion now leads the Court to detract from that conclusion.  $3,200 is a considerable penalty for a small business establishment like Defendant's, and the Court finds that such an amount is sufficient to serve as a specific and general deterrent to this and other potential defendants.

In asking for enhanced statutory damages, Plaintiff contends that its allegations of willful display for direct or indirect commercial advantage should be deemed admitted under the rules governing default.  Pl.'s Mot. to Alter 6.  Although the well-pleaded allegations in a complaint are sufficient to establish liability on default, the allegations regarding the amount of damages are not controlling.  *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).  Because the allegations of commercial purpose bear directly on the amount of damages, Plaintiff's burden of proving the unlawful exhibition was for direct or indirect commercial advantage is not excused by Defendant's default, *see Kingvision Pay-Per-View, Ltd. v. Backman,* 102 F. Supp. 2d 1196, 1198 (N.D. Cal. 2000), nor is it proven by a bouncer's out of context remark that "the Pacquiao fight is starting," *see* Pl.'s Mot. 5-6.  *See also* Decl. of Gary Gravelyn, ECF 13-3.

Finally, Plaintiff's arguments that this Court's award is "out of sync with the suggestions of the Ninth Circuit," Pl.'s Mot. 7, fails to present *controlling* case law compelling a higher award

and fails to persuade. The court in *Kingvision v. Lake Alice Bar*, 168 F.3d 347 (9th Cir. 1999), upon which Plaintiff relies, acknowledged that it would be within a court's discretion to *reduce* the judgment, if supported by the evidence. *See id.* at 350. As such, this is hardly controlling or persuasive case law mandating a higher award.

In sum, Plaintiff has not presented any newly discovered evidence, any intervening change in the controlling law, nor any persuasive evidence that this Court committed clear error in its prior order. Thus, Plaintiff is not entitled to relief under Rule 59(e), and its Motion to Alter or Amend Judgment is DENIED.

## IV.     ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Alter or Amend Judgment is DENIED, and the original judgment is hereby AFFIRMED

**IT IS SO ORDERED.**

Dated: October 9, 2014

_____
BETH LABSON FREEMAN
United States District Judge